UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PATTON,<br><br>           Plaintiff,<br><br>    v.<br><br>STIRLING PRICE,<br><br>           Defendant. | Case No. 23-cv-00012-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding without the assistance of an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. He has paid the filing fee. Because the petition does not state a valid claim for relief, it is dismissed with leave to file an amended petition in which Petitioner states a claim or claims that are capable of being judicially heard and decided.

## DISCUSSION

I.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.    Analysis

Petitioner pled guilty to assault to commit rape with a great bodily injury enhancement. (ECF No. 5 at 2.) Petitioner claims that there was insufficient evidence to support

1  the conviction for assault to commit rape and the sentence enhancement for great bodily injury.
2  (*Id.* at 5 (claims one and two).)  He also claims that state court judge erred in making a "motion"
3  to find him incompetent to stand trial. (*Id.* at 5.)  These alleged deprivations of Petitioner's
4  constitutional rights occurred prior to his guilty plea and therefore cannot be raised in federal
5  habeas corpus proceedings.  *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea
6  forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S.
7  258, 266-67 (1973) (same); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (by
8  pleading guilty defendant waived right to challenge pre-plea violation of Speedy Trial Act).  The
9  only challenges left open in federal habeas corpus after a guilty plea aer the voluntary and
10 intelligent character of the plea and the nature of the advice of counsel to plead.  *Hill v. Lockhart*,
11 474 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. at 267.  Accordingly, the petition must be dismissed
12 because it does not state any valid claims for federal habeas corpus relief.  Plaintiff may file an
13 amended complaint with any claims that are capable of being heard and decided in a federal
14 habeas proceeding, that is, claims challenging the voluntary and intelligent character of his guilty
15 plea and/or the nature of any advice he received from his defense lawyer to plead guilty, provided
16 that Petitioner can make such claim(s) in good faith.

## CONCLUSION

For the foregoing reasons,

1. The petition is DISMISSED with leave to amend.  Petitioner shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**.  The amended petition **must** include the caption and civil case number used in this order (No. C 23-0012 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED PETITION" on the first page.  Because an amended petition completely replaces the original petition, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Petitioner may not incorporate material from the original petition by reference.  <u>Failure to amend within the designated time and in accordance with this order may result in dismissal of this action.</u>

2. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

United States District Court
Northern District of California

Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 9, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge