UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PATTON,<br><br>    Plaintiff,<br><br>    v.<br><br>STIRLING PRICE,<br><br>    Defendant. | Case No. 23-cv-00012-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding without the assistance of an attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. The petition was dismissed because it did not state claims that are capable of being judicially heard and decided. (ECF No. 10.) Petitioner was granted leave to amend, and he has filed a timely amended petition. (ECF Nos. 10, 15, 16.) For the reasons discussed below, the petition is DISMISSED in part, and Respondent is ordered to show cause why the petition should not be granted based upon the claim that is capable of being judicially heard and decided.

**DISCUSSION**

I.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

1  II.    Analysis

2         Petitioner pled guilty to a count of attempted rape in Santa Cruz County Superior

3  Court.[1] (ECF No. 16 at 2.) The original petition was dismissed because Petitioner claimed

4  deprivations of Petitioner's constitutional rights that occurred prior to his guilty plea, which

5  cannot be raised in federal habeas corpus proceedings. (ECF No. 10 at 2 (citing *Haring v. Prosise*,

6  462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional

7  deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same); *United States v. Jackson*,

8  697 F.3d 1141, 1144 (9th Cir. 2012) (by pleading guilty defendant waived right to challenge pre-

9  plea violation of Speedy Trial Act).) The Court informed Petitioner the only challenges left open

10 in federal habeas corpus after a guilty plea are the voluntary and intelligent character of the plea

11 and the nature of the advice of counsel to plead guilty. (ECF No. 10 (citing *Hill v. Lockhart*, 474

12 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. at 267).) Petitioner was allowed to attempt to cure this

13 deficiency in an amended petition, and he was informed the amended petition would have to assert

14 "claims challenging the voluntary and intelligent character of his guilty plea and/or the nature of

15 any advice he received from his defense lawyer to plead guilty, provided that Petitioner can make

16 such claim(s) in good faith." (ECF No. 10 at 2.)

17        The amended petition presents three claims: (1) the victim "told a [] told a bold face lie

18 stating she noticed my belt was undone and I'm proving with my property evidence that I wasn't

19 wearing a belt;" (2) his attorney did not give him the victim's "second statement" in which she

20 told this "lie;" and (3) a judge denied his request for a hearing to "remove" his attorney. (ECF No.

21 16 at 5.) The "only" claim left to a defendant who pleads guilty and does so with the advice of

22 counsel, as Petitioner did here, is to "attack the voluntary and intelligent character of the guilty

23 plea by showing that the advice he received from counsel" to plead guilty "was not 'within the

24 range of competence demanded of attorneys in criminal cases.'" *Tollet*, 411 U.S. at 267 (quoting

25 *McMann v. Richardson,* 397 U.S. 759, 771 (1970)). Petitioner's first claim does not assert that

26 counsel was ineffective or his guilty plea was not knowing and voluntary, which are the only

---

[1] The original petition stated Petitioner pled guilty to "assault to commit rape" with an enhancement for great bodily injury. (ECF No. 5 at 2.)

2

claims available to him in light of his guilty plea.  As such, it is not a claim that is capable of judicial review and determination under *Tollett*, and will be dismissed.

Although Petitioner's second claim does not explicitly argue counsel's advice to plead guilty was ineffective, it can be construed as making such a claim.  His allegation that counsel withheld evidence from him, if true, may have prevented him from making an adequately informed decision about his guilty plea and rendered the advice to plead guilty unreasonable.  Accordingly, the Court finds Petitioner's second claim that counsel was ineffective, when liberally construed, capable of being judicially heard and decided.  Respondent will be ordered to respond to this claim.

Petitioner's third claim, that the trial court denied his motion to replace counsel, is not a distinct claim from his second claim.  It is not clear Petitioner means to assert this as a separate claim: he states he "wanted to make sure that this court knows about my motion" to replace counsel, and he repeats his argument from the second claim that defense counsel did not provide him with the victim's second statement to the police.  (ECF No. 16 at 5.)  In any event, "claims of pr[e-plea] constitutional deprivations may play a part in evaluating the advice rendered by counsel," but "they are not themselves independent grounds for federal collateral relief." *Tollett*, 411 U.S. at 267.  The trial court's denial of his request for a different lawyer may have played a role in causing him to receive ineffective representation in connection with his decision to plead guilty, and as such may inform whether he received ineffective advice to plead guilty, but it is not an independent claim for relief.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's first claim, as described above, is DISMISSED.  Respondent is ordered to respond to Petitioner's claim that he received ineffective assistance of counsel in his second and third claims, as described above.

2. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The amended

3

petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on Petitioner, on or before **January 8, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented in the amended petition that have been found capable of judicial review and determination, above. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **February 5, 2024**.

4. Respondent may, on or before **January 8, 2024**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **February 5, 2024,** and Respondent shall file with the Court and serve on Petitioner a reply on or before **February 19, 2024**.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 10, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge