UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILLY PATTON,

    Petitioner,

v.

STIRLING PRICE,

    Respondent.

Case No. 23-cv-00012-JSC

**ORDER OF DISMISSAL**

Petitioner, a California prisoner proceeding without an attorney, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. As explained in the order to show cause dated June 17, 2024:

> On March 4 and March 22, 2024, scheduling orders were mailed to Petitioner with the prisoner number and address at Atascadero State Hospital ("ASH") he provided to the Court in his petition and subsequent papers.[]  (ECF Nos. 20, 22.)  The orders were returned to the court by the postal service on March 11 and April [1], 2024, respectively, because the mail could not be delivered to Plaintiff at the address he provided.  (ECF No[s]. 23, [25.])  Petitioner has not filed an opposition to Respondent's motion to dismiss (ECF No. 26); nor has he made contact with the Court in more than eight months. Respondent's attorney has submitted a declaration stating he was unable to serve the [second scheduling] order on Petitioner, and on March 21, 2024, a social worker at ASH informed him "petitioner was released from custody several weeks ago and is not on parole or supervised released."  (ECF No. 24-1 at 1.)

(ECF No. 27 at 1:13-22.)[1]

As the Court further noted in the order to show cause, Petitioner had been instructed at the

---

[1] The order to show cause incorrectly indicated the second scheduling order (ECF No. 22) was returned on April 8, 2024 (ECF No. 27 at 1:16); it was in fact returned to the Court on April 1, 2024 (*see* ECF No. 25). In addition, footnote one in the order to show cause (ECF No. 27 at 1 n.1) does not apply to this case and should not have been included. These errors could not have caused Petitioner any confusion because, as explained below, Petitioner did not receive the order to show cause. .

outset of this case "to keep the Court informed of any address change" and cautioned that any failure "to do so may result in the dismissal of this action." (ECF Nos. 10 at 2:27-28, 3:3-4; 27 at 3:13-14.) The Court therefore ordered Plaintiff as follows:

> Within 28 days of the date this order is filed, Plaintiff shall: (1) provide a current valid mailing address and any identification number necessary for him to receive mail; and (2) show cause why this case should not be dismissed under Civil Local Rule 3-11 or Rule 41(b). **The failure to do so will result in the dismissal of this case.**

(ECF No. 27 at 2:16-19 (emphasis in original).) The order to show cause was returned by the postal service as undeliverable on July 1, 2024 (ECF No. 28), and Petitioner has still not provided the Court with his current address or made any contact with the Court.

Pursuant to Northern District Civil Local Rule 3-11, a party proceeding without attorney representation (pro se) whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. Civ. L.R. 3-11(a). The court may, without prejudice, dismiss a complaint when: (1) mail directed to the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within 60 days of this return a written communication from the pro se party indicating a current address. Civ. L.R. 3-11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal of pro se prisoner's complaint for failing to notify court of his change of address). In addition, Federal Rule of Civil Procedure 41(b) allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." A district court may sua sponte dismiss an action pursuant to Rule 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). But such a dismissal should be made only when the failure to comply is unreasonable. *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).

Petitioner has not provided his current address for mailing as required by Civil Local Rule 3-11(a). Petitioner has been given the opportunity and time to explain and correct this failure, but he has failed to do so. It has been nearly five months since Petitioner's mail was first returned as undeliverable due to his address being incorrect, which provides grounds for dismissal under Civil

Local Rule 3-11(b).  There is also grounds for dismissal of this case under Rule 41(b) because Petitioner has not complied with the order to maintain his current address, and he has made no contact with the Court to provide a reasonable explanation for this lack of compliance.

Accordingly, pursuant to Civil Local Rule 3-11(b) and Rule 41(b) of the Federal Rules of Civil Procedure, this case is DISMISSED without prejudice to refiling in a new case in which Petitioner provides and maintains his correct address.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 6, 2024

JACQUELINE SCOTT CORLEY
United States District Judge